SO ORDERED.

DONE and SIGNED June 2, 2021.



_____
**JOHN S. HODGE**
**UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case Number: 20-30681 |
| § | | |
| Karcredit, L.L.C. § | | Chapter 7 |
|   Debtor § | | |
| § | | |
| _____ § | | |
| Cross Keys Bank § | | |
|   Plaintiff § | | Adversary Proceeding |
| § | | |
| vs. § | | Case No. 20AP-03011 |
| § | | |
| Ronnie D. Ward, et al § | | |
|   Defendants § | | |

### Memorandum Ruling

In an adversary proceeding, Fed. R. Bankr. P. 7016(b) requires the bankruptcy court to decide whether to hear and determine the proceeding, issue proposed findings of fact and conclusions of law, or take some other action. The court raised this issue on its own motion, after notice and a hearing.

This proceeding involves matters which are not core within the meaning of 28

U.S.C. § 157(b). For the court to "hear and determine this proceeding" (and thus enter a final judgment), it must have the consent of all parties. 28 U.S.C. § 157(c)(2).

For reasons that follow, the court concludes that all parties expressly or impliedly consented to entry of final orders or judgment by the bankruptcy court. As a result, this court will "hear and determine the proceeding" and enter a final judgment upon its disposition.

**Background**

On July 17, 2020, Cross Keys Bank ("**CKB**") filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Karcredit, LLC ("**Debtor**"). Thereafter, this court entered an order for relief against Debtor.

Prior to the commencement of the bankruptcy case, Debtor was in the business of financing the purchase of used cars, including cars sold by JD Byrider of Monroe. To finance its business operations, Debtor obtained a loan in the form of a revolving line of credit from CKB in 2012. The loan was guaranteed by Ronnie Ward ("**Ward**") and other insiders. CKB also made loans to Ward and other companies owned by him (the "**Ward Parties**"). In August 2019, Debtor owed CKB nearly $3.2 million and the Ward Parties owed CKB nearly $2.8 million, for a total of approximately $6 million. By then, Debtor was in default and CKB called the loans.

Prior to the commencement of the bankruptcy case, CKB filed a lawsuit in state court against Debtor, Ward and other insider-guarantors to collect a

promissory note, enforce commercial guaranties and recognize its security interests in various collateral. Caldwell Bank & Trust Company ("**Caldwell Bank**") intervened, asserting a superior security interest in some of the collateral securing Debtor's loan. After the involuntary bankruptcy petition was filed against Debtor, the suit was removed to federal district court and referred to this court for adjudication.

Once the lawsuit was referred to this court, it became an adversary proceeding. The parties in this proceeding are: CKB, Caldwell Bank, Ellis Blount, Karcredit, LLC, Ronnie D. Ward, Sharon D. Ward, KarProperties, a Louisiana general partnership, JDB of Monroe, Inc., Keith Winston Albritton, Ruth Crain Albritton, Homeland Bancshares, Inc. and Ward Chevrolet-Olds, Inc.

### Conclusions of Law and Analysis

A bankruptcy court may hear, determine, and enter final orders and judgment on non-core matters with the consent of all parties to the proceeding. 28 U.S.C. § 157(c)(2); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948 (2015). Implied consent will suffice. According to the Supreme Court, "nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent." *Wellness*, 135 S. Ct. at 1947–48.

The Federal Rules of Bankruptcy Procedure require a bankruptcy court to "decide ... whether: (1) to hear and determine the proceeding; (2) to hear the proceeding and issue proposed findings of fact and conclusions of law; or (3) to take

some other action." Fed. R. Bankr. P. 7016(b). The Rule authorizes the court to decide this issue on its own motion.

According to the Advisory Committee Notes for the 2016 amendments:

> This rule is amended to create a new subdivision (b) that provides for the bankruptcy court to enter final orders and judgment, issue proposed findings and conclusions, or take some other action in a proceeding. The rule leaves the decision as to the appropriate course of proceedings to the bankruptcy court. *The court's decision will be informed by the parties' statements, as required under Rules 7008(a), 7012(b), and 9027(a) and (e), regarding consent to the entry of final orders and judgment.* If the bankruptcy court chooses to issue proposed findings of fact and conclusions of law, Rule 9033 applies.

Fed. R. Bankr. P. 7016, Advisory Committee Notes (emphasis added).

As the Advisory Committee Notes make clear, in determining whether the court should enter final orders and judgment, the court's decision should be informed by the parties' statements regarding consent to entry of final orders and judgment, as required by the following Rules:

(1) Rule 7008(a) requires that the pleader state whether the pleader does or does not consent to the entry of final orders or judgment by the bankruptcy court;

(2) Rule 7012(b) requires the same statement in all responsive pleadings;

(3) Rule 9027(a)(1) requires the same statement in the notice of removal when a claim or cause of action is removed; and

(4) Rule 9027(e)(1) requires the same statement by all parties that filed pleadings in connection with the removed claim or cause of action, prior to removal.

In an adversary proceeding involving a non-core matter, to determine whether the court can "hear and determine the proceeding," the court is tasked with the responsibility of determining whether all parties expressly or impliedly consented to entry of judgment by the bankruptcy court. In this case, the court can discharge this duty with relative ease.

Three parties - CKB, Caldwell Bank and Ellis Blount - expressly consented to entry of judgment by this court. The focus, therefore, is on the remaining parties because they were required to, but did not, file a statement pursuant to Fed. R. Bankr. P. 9027(e)(3). A party's failure to file the required statement, however, does not necessarily mean that the party consents to entry of final orders by this court. To make that determination, the court examines the totality of the circumstances.

KarProperties, JDB of Monroe, Inc., Keith Winston Albritton and Ruth Crain Albritton did not file *any* pleadings in this court. Likewise, Homeland Bancshares, Inc. did not file any responsive pleadings in this court.[1] By their inaction, these parties impliedly consented to entry of final orders or judgment by this court and/or forfeited the right to complain about it. If these parties wanted the court to consider their respective views, then they should have been expressed within the time permitted by law.

As for Ronnie D. Ward and Ward Chevrolet-Olds, Inc., they *expressly* consented to entry of a money judgment (docket no. 144) against them in favor of

---

[1] The clerk entered two defaults (docket nos. 121 and 153) against Homeland. The court denied a motion to set aside the defaults (docket no. 210).

Caldwell Bank for $442,348.15, plus interest. They were clearly aware of the need for consent and their right to refuse it, yet they filed a pleading stating that: "The parties resolved their differences and *agreed to the entry of a consent judgment.*" (docket no. 140, ¶ 2) (emphasis added). There is no question that they knowingly and voluntarily consented to entry of judgment by this court. *In re Cella III, LLC*, No. AP 19-01145, 2020 WL 7753277, at *3 (Bankr. E.D. La. Dec. 29, 2020) (defendant impliedly consented to entry of judgment by the bankruptcy court "when it requested Judge Brown to enter final judgment on four motions for summary judgment.").

That leaves Sharon D. Ward. She did not file the statement required by Fed. R. Bankr. P. 9027(e)(3), nor did she include such a statement in her Amended Answer (docket no. 60) as required by Fed. R. Bankr. P. 7012(b). However, she used the same attorney as her husband, Ronnie Ward, who requested entry of the consent judgment. When her attorney requested entry of the consent judgment, he knew this court could not enter it without consent of all parties, including Sharon Ward. 28 U.S.C. § 157(c)(2). Sharon Ward is bound by the actions of her lawyer. Her consent is implied.

## Conclusion

This court concludes that all parties have expressly or impliedly consented to entry of final orders and judgment by this court. The court will "hear and determine the proceeding" and enter a final judgment upon its disposition. *See* Fed. R. Bankr. P. 7016(b)(1).

A separate order in accordance with this ruling will follow.

###